# United States Court of Appeals for the Federal Circuit

---

**DENNIS W. COGBURN,**
*Claimant-Appellant*

v.

**ROBERT A. MCDONALD, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

---

2014-7130

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 12-3323, Judge Lawrence B. Hagel.

---

Decided: January 7, 2016

---

KENNETH M. CARPENTER, Law Offices of Carpenter Chartered, Topeka, KS, argued for claimant-appellant.

LOREN MISHA PREHEIM, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, argued for respondent-appellee. Also represented by BENJAMIN C. MIZER, ROBERT E. KIRSCHMAN, JR., MARTIN F. HOCKEY, JR.; DAVID J. BARRANS, AMANDA BLACKMON, Office of General Counsel, United States Department of Veterans Affairs, Washington, DC.

Before PROST, *Chief Judge,* DYK and HUGHES, *Circuit Judges.*

HUGHES, *Circuit Judge.*

Dennis W. Cogburn appeals from a final judgment of the United States Court of Appeals for Veterans Claims affirming a Board of Veterans' Appeals decision, which found that both formally and informally raised claims were implicitly denied in a 1985 Board decision. Because the implicit denial rule applies to both formal and informal claims, and its use does not violate the notice provision of the United States Department of Veterans Affairs due process regulation, we affirm.

I

Mr. Cogburn served in the United States Army from August 1968 to August 1971, including a 12-month tour of duty in Vietnam. In November 1974, Mr. Cogburn sought both disability compensation and pension benefits from the United States Department of Veterans Affairs (VA) based on a severe nervous condition. In December 1974, Mr. Cogburn was diagnosed with depressive neurosis. On March 11, 1975, Mr. Cogburn's claim for pension benefits was denied, but the denial did not address the claim for disability compensation. He did not appeal and the decision became final.

In June 1983, Mr. Cogburn submitted another application for disability compensation and pension benefits based on "nervous disorders." J.A. 51. In August 1983, Mr. Cogburn was diagnosed with Post-Traumatic Stress Disorder (PTSD) after a VA examination. The Regional Office (RO), however, returned the examination as inadequate for rating purposes because it failed to connect Mr. Cogburn's PTSD to stressors from a period of military service. In January 1984, the RO granted non-service

connection pension, but denied service connection for PTSD.

Mr. Cogburn appealed the 1984 RO decision to the Board of Veterans' Appeals. In its 1985 decision, the Board framed the issue as "[e]ntitlement to service connection for a psychiatric condition claimed as posttraumatic stress disorder." J.A. 59. After recounting Mr. Cogburn's symptoms, history of treatment, and his diagnoses of depressive neurosis, schizophrenia, and PTSD, the Board concluded that the record did not establish "a posttraumatic stress disorder caused by military service." J.A. 63. The Board explained that the service records did not disclose "any evidence of psychiatric impairment," J.A. 60, and that other evidence of record did not identify any in-service traumatic events that may have caused the PTSD. The decision notes that the record was lacking because Mr. Cogburn repeatedly failed to attend further VA examinations, which were intended to determine if service-connected stressors caused his PTSD. The Board determined that "the preponderance of the medical evidence suggests that the veteran's post service emotional and adjustment difficulties are manifestations of schizophrenia." J.A. 63. At that time, there was no opportunity for further review because the Veterans Court was not established until 1988.

In 2002, Mr. Cogburn inquired about the status of his 1974 claim for disability compensation, arguing that this claim was never adjudicated. The RO determined that the 1974 claim was previously adjudicated as a claim for PTSD and, therefore, had been implicitly denied in the 1985 Board decision. In 2012, after a remand from the Veterans Court for proper consideration of this issue, the Board affirmed the RO's finding of implicit denial. The Board concluded that the 1985 Board decision "provided notice such that a reasonable person could infer that any claims of entitlement to service connection for any other psychiatric disability [including formal and informal

claims for nervous disorders, schizophrenia, and depressive neurosis] had been decided unfavorably." J.A. 95.

The Veterans Court affirmed after finding that the Board thoroughly weighed the evidence and applied the correct standard when concluding that the 1985 decision implicitly denied any pending claims for disability compensation due to psychiatric disorders. The Veterans Court also rejected Mr. Cogburn's argument that the implicit denial rule violated the VA's due process regulation requiring notice when a claim is denied. Mr. Cogburn appeals.

## II

We have jurisdiction to review decisions of the Veterans Court "with respect to the validity of a decision of the Court on a rule of law or of any statute or regulation . . . or any interpretation thereof (other than a determination as to a factual matter) that was relied on by the Court in making the decision." 38 U.S.C. § 7292(a). We review a claim of legal error in a decision of the Veterans Court without deference. *See Szemraj v. Principi*, 357 F.3d 1370, 1372 (Fed. Cir. 2004).

Mr. Cogburn argues that the Veterans Court erred in affirming the Board's application of the implicit denial rule. First, he contends that the implicit denial rule cannot apply where, as here, the pending claim is filed separately from the explicitly denied claim and is based on a distinct medical diagnosis. Additionally, at oral argument, Mr. Cogburn asserted that the implicit denial rule cannot apply to formal claims. *See* Oral Argument at 4:14–26, http://oralarguments.cafc.uscourts.gov/default. aspx?fl=2014-7130.mp3. We reject both arguments.

Generally, both formal and informal claims for benefits remain pending until they are finally adjudicated. *Adams v. Shinseki*, 568 F.3d 956, 960 (Fed. Cir. 2009). The implicit denial rule, however, "provides that, in

certain circumstances, a claim for benefits will be deemed to have been denied, and thus finally adjudicated, even if the [VA] did not expressly address that claim in its decision." *Id.* at 961. The implicit denial rule applies when the VA's decision provides a veteran with reasonable notice that his claim for benefits was denied. *Id.* at 964.

We conclude that the implicit denial rule can apply where a pending claim is filed separately from the explicitly denied claim and that pending claim is based on a distinct medical diagnosis. In *Adams*, this court held that "the fact that the claims were not filed at the same time does not mean that the implicit denial rule does not apply." 568 F.3d at 962. The court clarified that "the key question in the implicit denial inquiry is whether it would be clear to a reasonable person that the [VA's] action that expressly refers to one claim is intended to dispose of others as well." *Id.* at 964. Therefore, the implicit denial rule may apply to pending claims, filed separately from the explicitly denied claim and based on a distinct medical diagnosis, when the Board's decision makes it clear to a reasonable person that the pending claims have been denied.

We also conclude, like the court in *Munro v. Shinseki*, that the implicit denial rule applies to both formal and informal claims. 616 F.3d 1293, 1297 (Fed. Cir. 2010) (after finding "no proper basis to distinguish between formal and informal claims," the court determined that "the implicit denial rule may be applied to terminate the pending status of both formal and informal claims").

Here, Mr. Cogburn argues that the implicit denial rule can only apply to informal claims. Mr. Cogburn asserts that this court, in *Adams*, incorrectly relied upon 38 C.F.R. § 3.160(c) to demonstrate that formal and informal claims are indistinguishable. *See* Oral Argument at 3:55–4:14, 10:40–12:30 (citing 568 F.3d at 960) ("A claim for benefits, whether formal or informal, re-

mains pending until it is finally adjudicated."). Mr. Cogburn contends that formal and informal claims are distinguishable because only formal claims can be pending claims, which are required to be fully adjudicated under 38 C.F.R. § 3.160(c), while informal claims are not considered pending claims and are therefore not required to be fully adjudicated. *Id.* at 4:47–5:02, 10:10–12:30 (citing 38 C.F.R. § 3.160(c) (2015), which defines "pending claim" as "[a] claim which has not been finally adjudicated"). Mr. Cogburn asserts that this distinction requires limiting the application of the implicit denial rule to informal claims.

Mr. Cogburn's distinction incorrectly relies upon the definition of "pending claim" found in the VA's recently amended adjudication and appeals regulations, effective March 24, 2015. The VA's new regulations replace the "informal claim" with the "intent to file a claim for benefits." *See* Standard Claims and Appeals Forms, 79 Fed. Reg. 57660, 57664 (Sept. 25, 2014). To reflect this change, the term "informal claim" was removed from the regulations. *Id.* at 57674, 57678 ("Since VA is eliminating the term 'informal claim,' it has removed references to the phrase 'informal claim' . . . for consistency in these adjudication regulations to reflect this change."). Prior to March 24, 2015, however, "pending claim" was defined as "an application, formal or informal, which has not been finally adjudicated." 38 C.F.R. § 3.160(c) (2013).

Mr. Cogburn's appeal is governed by the language of the former regulations because his claim and appeal were pending under those regulations.[1] *See* Standard Claims

---

[1]    Likewise, because *Adams v. Shinseki* was decided well before the regulations were amended, the court was correct in its reliance on the definition of "pending claim" to demonstrate that formal and informal claims are indistinguishable. 568 F.3d at 960.

and Appeals Forms, 79 Fed. Reg. at 57686 ("[T]his final rule will apply only with respect to claims and appeals filed 180 days after the date this rule is published in the Federal Register as a final rule. Claims and appeals pending under the current regulations as of that date would continue to be governed by the current regulations."). Therefore, Mr. Cogburn's distinction is irrelevant because the applicable definition of "pending claim" applies to both formal and informal claims. Since we find no proper basis to distinguish between formal and informal claims, we conclude that the implicit denial rule may be applied to both formal and informal claims.

## III

Lastly, the implicit denial rule does not violate the notice provision found in the VA's due process regulation. At the applicable time, the due process regulation provided that "[t]he claimant will be notified of any decision affecting the payment of benefits or granting relief. Notice will include the reason for the decision and the date it will be effectuated as well as the right to a hearing . . . ." 38 C.F.R. § 3.103(e) (1975 & 1985). In *Adams*, this court held that the implicit denial rule does not violate the Due Process Clause of the Fifth Amendment because "the implicit denial rule is, at bottom, a notice provision." 568 F.3d at 965. Specifically, the court determined that when the implicit denial rule applies, the claimant necessarily "received adequate notice of, and an opportunity to respond to, the [VA's] decision . . . [and therefore] was not deprived of any due process rights." *Id.*

The VA's due process regulation mirrors constitutional due process by requiring notice that a claim has been denied. *See, e.g.*, *Cleveland Bd. Of Educ. v. Loudermill*, 470 U.S. 532, 542 (1985) ("An essential principle of due process is that a deprivation of life, liberty, or property be preceded by notice and opportunity for hearing appropriate to the nature of the case.") (internal citation and

quotation marks omitted). Because the implicit denial rule is a notice provision, the 1985 decision necessarily provided Mr. Cogburn with adequate notice that his formal claim for a severe nervous condition, and all informal claims related to his diagnoses of depressive neurosis and schizophrenia, had been denied. Accordingly, the application of the implicit denial rule does not violate Mr. Cogburn's right to receive notice pursuant to the VA's due process regulation.

IV

We lack jurisdiction to consider Mr. Cogburn's remaining arguments concerning the Board's application of the implicit denial rule to the facts of this case. 38 U.S.C. § 7292(d)(2).

Because the implicit denial rule applies to both formal and informal claims, and its use does not violate the notice provision of the VA's due process regulation, the judgment of the Veterans Court is affirmed.

**AFFIRMED**

No costs.