# United States Court of Appeals for the Federal Circuit

---

**TERESA A. RUEL,**
*Claimant-Appellant*

v.

**ROBERT WILKIE, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

---

2017-2562

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 15-4075, Chief Judge Robert N. Davis, Judge Coral Wong Pietsch, Senior Judge William A. Moorman.

---

Decided: March 15, 2019

---

KENNETH M. CARPENTER, Law Offices of Carpenter Chartered, Topeka, KS, argued for claimant-appellant. Also represented by FRANCIS M. JACKSON, Jackson & Mac-Nichol, South Portland, ME.

REBECCA SARAH KRUSER, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, argued for respondent-appellee. Also represented by TARA K. HOGAN, ROBERT EDWARD KIRSCHMAN, JR., JOSEPH H. HUNT; Y. KEN LEE, DEREK

SCADDEN, Office of General Counsel, United States Department of Veterans Affairs, Washington, DC.

_____

Before MOORE, REYNA, and CHEN, *Circuit Judges.*

CHEN, *Circuit Judge.*

Teresa A. Ruel, the surviving spouse of a U.S. veteran, appeals from the U.S. Court of Appeals for Veterans Claims (Veterans Court) decision affirming a Board of Veterans' Appeals (Board) decision denying her an effective date of 1984, rather than 2009, for her Dependency and Indemnity Compensation (DIC) claim. Mrs. Ruel first filed a DIC claim in 1984. The Board found that the Department of Veterans Affairs (VA) Regional Office (RO) had denied Mrs. Ruel's 1984 DIC claim in a single sentence of a response to a separate burial benefits claim that had found no service connection between Mr. Ruel's service and his death, because service connection is also a requirement for a DIC claim. In affirming the Board's finding, the Veterans Court found that this sentence was sufficient to put Mrs. Ruel on notice, under the VA's notice regulation 38 C.F.R. § 3.103, that her DIC claim had been explicitly denied. Because proper notice of an explicit denial of a claim under 38 C.F.R. § 3.103 requires an actual statement or otherwise clear indication of the claim being denied, we *reverse.*

## BACKGROUND

Richard W. Ruel served in the U.S. Marine Corps from March 1966 to May 1969, including two tours in Vietnam during which he was exposed to Agent Orange. He died on June 23, 1984. As his surviving spouse, Mrs. Ruel then filed claims for certain benefits.

On July 6, 1984, the VA received from Mrs. Ruel a completed Form 21-534, entitled "Application for Dependency and Indemnity Compensation or Death Pension by Surviving Spouse or Child.". The form is for two different claims:

(1) DIC, which is a tax-free monetary benefit paid to eligible survivors of veterans *whose death resulted from a service-related injury or disease*, and (2) Death Pension by Surviving Spouse or Child, which is a tax-free monetary benefit payable to a low-income, un-remarried surviving spouse and/or unmarried children of a deceased veteran with wartime service. The VA treats a submission of this form as an application for both DIC and death pension benefits. *See* 38 U.S.C. § 5101(b)(1); 38 C.F.R. § 3.152(b)(1). On July 19, 1984, the RO sent Mrs. Ruel a letter explaining that her claim for death pension benefits was denied because her income exceeded the maximum income limitation. The letter did not mention a DIC claim.

On July 27, 1984, the VA received from Mrs. Ruel a completed Form 21-530, entitled "Application for Burial Benefits." On August 10, 1984, the VA sent Mrs. Ruel a three-sentence response letter:

> We have authorized payment to you in the amount of $150.00 as an allowance for the funeral and burial expenses of the deceased veteran. The evidence does not show that the veteran's death was due to a service connected condition. $150.00 of the total payment authorized represents an allowance for plot or interment expenses."

J.A.40.[1] The letter directed the reader to "see reverse for procedural and appellate rights." *Id.* Mrs. Ruel did not appeal any of the RO's 1984 determinations.

In 2009, ischemic heart disease was added to the presumptive list of diseases related to herbicide exposure while serving in Vietnam in 38 U.S.C. § 1116(a)(1)(B) and 38 C.F.R. § 3.309(e). In October 2009, Mrs. Ruel submitted a new Form 21-534 for DIC in light of this statutory

---

[1]  "J.A." refers to the Joint Appendix filed by the parties in this appeal.

change. The RO issued a decision in November 2010 grant-ing Mrs. Ruel's claim and assigning an effective date of Oc-tober 20, 2009.

Mrs. Ruel filed a timely Notice of Disagreement with the RO's decision, claiming that she was entitled to an ef-fective date of July 6, 1984 on her DIC claim because the RO never adjudicated her July 1984 claim, and therefore, the claim remained pending when she reapplied in 2009. Generally, "the effective date of an award based on an orig-inal claim, a claim reopened after final adjudication, or a claim for increase. . . of compensation. . . shall be fixed in accordance with the facts found, but shall not be earlier than the date of receipt of application therefor." 38 U.S.C. § 5110(a). The effective date will be the date of receipt of the claim or the date the entitlement arose, whichever is later. 38 C.F.R. § 3.816(d).[2]

The RO issued a Statement of the Case, and Mrs. Ruel appealed to the Board. The Board found that Mrs. Ruel's July 1984 application for death pension benefits consti-tuted a claim for both death pension *and* DIC benefits. Further, the Board found that the RO finally adjudicated Mrs. Ruel's "cause of death" claim in its unrelated, three-sentence August 1984 burial benefits decision when it in-formed Mrs. Ruel that "[t]he evidence does not show that the veteran's death was due to a service connected condi-tion." The Board also found that Mrs. Ruel had received notification of her appellate rights in that decision on her burial benefits claim, and when she chose not to appeal, the decision became final. The Board further found that there was no evidence of record dated between August 1984 and October 2009 that could reasonably be construed as a claim

---

[2]    38 C.F.R. § 3.816(d)(2) defines the effective date for claims pending on or after May 3, 1989 retroactively to the later of the date the claim was initially filed or the death occurred.

to reopen. Accordingly, the Board found that an effective date prior to October 20, 2009 was not warranted.

Mrs. Ruel appealed the Board's decision to the Veterans Court. In a single-judge decision, the Veterans Court affirmed the Board's determination, finding that the Board correctly found the RO's statement that "[t]he evidence does not show that the veteran's death was due to a service connected condition," together with the included notice of procedural and appellant rights, "an express denial of her DIC claim." *Ruel v. Shulkin*, No. 15-4075, Memorandum Decision at 5 (Vet. App. June 1, 2017). The Veterans Court characterized the Board's decision as "an *explicit* denial of the appellant's 1984 DIC claim." *Id.* at 4 (emphasis added).

The Veterans Court also rejected Appellant's argument under 38 C.F.R. § 3.103 (the VA's notice regulation), noting that "the law in 1984 did not require that the RO's reason for denying the claim be thoroughly explained, only that it be included in the notice." *Id.* at 5 (first citing *Fournier v. Peake*, 23 Vet. App. 480, 486 (2010); then citing *Natali v. Principi*, 375 F.3d 1375, 1380 (Fed. Cir. 2004) (finding that the RO was not required to provide detailed statements of reasons or bases prior to 1988 when Congress added the statutory provision mandating that decisions denying benefits include a statement of the reasons for the decision)).

Mrs. Ruel moved for reconsideration of the Veterans Court decision by the single judge and by a panel; the first was denied, but the second was granted. A two-judge majority agreed with the single-judge decision, while a dissenting judge opined that it was "difficult to accept that a single sentence that does not name the claim that it allegedly decided and contains only an unadorned factual finding is sufficient to meet" the notice requirements of the law in place in 1984. J.A. at 15.

Mrs. Ruel timely appealed to this court.

DISCUSSION

This court has jurisdiction to review a Veterans Court decision "with respect to the validity of a decision of the Court on a rule of law or of any statute or regulation . . . or any interpretation thereof . . . that was relied on by the Court in making the decision." 38 U.S.C. § 7292(a). At issue here is the interpretation of the VA's 1984 notice regulation, which read:

> The claimant will be notified of any decision affecting the payment of benefits or granting relief. Notice will include the reason for the decision and the date it will be effectuated as well as the right to a hearing subject to paragraph (c) of this section. The notification will also advise the claimant of his right to initiate an appeal by filing a Notice of Disagreement which will entitle him to a Statement of the case for his assistance in perfecting his appeal. Further, the notice will advise him of the periods in which an appeal must be initiated and perfected.

38 C.F.R. § 3.103(e) (1984). This regulation "mirrors constitutional due process by requiring notice that a claim has been denied." *Cogburn v. McDonald*, 809 F.3d 1232, 1237 (Fed. Cir. 2016).

The Veterans Court and Board interpreted § 3.103(e) as satisfied by "explicit denials" that do not mention or in any other way identify the claim being denied. In defending this interpretation, the Government essentially argues that if the VA makes a fact finding with regard to one claim, that fact finding serves as notice to an applicant that *all other claims* for which that fact finding would be relevant are likewise *explicitly* decided, even without saying so.

We disagree. Instead, we hold, as a matter of law, that to meet the notice requirements of § 3.103(e), an explicit denial must state, or clearly identify in some other manner,

the claim(s) being denied.[3]  The decision must also meet the other requirements of § 3.103(e), including the reason for the decision, the date effectuated, and notice of appellate rights.

Under this legal interpretation, it is clear that the VA's August 1984 burial benefits decision does not meet the notice requirements for an explicit denial of Mrs. Ruel's pending DIC claim.  The sentence "[t]he evidence does not show that the veteran's death was due to a service connected condition" does not, in any way, identify the DIC claim.  The sentences before and after the statement both refer to burial benefits, and the letter does not mention any other pending benefits.  As the Veterans Court panel's dissenting opinion articulated, "a single sentence that does not name the claim that it allegedly decided and contains only an unadorned factual finding" is insufficient to meet the notice requirements for an explicit denial of Mrs. Ruel's DIC claim under § 3.103.

Because the single sentence in the August 1984 letter, as a purported explicit denial, cannot meet the notice requirements of § 3.103, we *reverse* the Veterans Court decision.  Since the Veterans Court and Board provide no other basis for finding that Mrs. Ruel's 1984 DIC claim was denied, we conclude that Mrs. Ruel's 1984 claim remained pending as of 2010, when the RO granted Mrs. Ruel's DIC claim.  Thus, the correct effective date of Mrs. Ruel's DIC

---

[3]    Our holding is limited to explicit denials, since that is what the Veterans Court determined occurred here. *Ruel*, No. 15-4075, Memorandum Decision at 4 (characterizing the Board's decision as finding that the second sentence in the August 1984 letter  was "an *explicit* denial of the appellant's 1984 DIC claim," and that therefore, the "Board did not err in failing to apply the implicit denial doctrine." (emphasis added)).

claim is July 6, 1984, and we direct the VA to dispense her benefits accordingly.

**REVERSED**

Costs

Costs to Appellant.