**UNITED STATES COURT OF APPEALS FOR VETERANS CLAIMS**

No. 15-2124

JENNY N. PARSEEYA-PICCHIONE, APPELLANT,

V.

ROBERT A. MCDONALD,
SECRETARY OF VETERANS AFFAIRS, APPELLEE.

On Appeal from the Board of Veterans' Appeals

(Decided July 11, 2016)

*Robert W. Legg*, of Arlington, Virginia, was on the brief for the appellant.

*Leigh A. Bradley*, General Counsel; *Mary Ann Flynn*, Assistant General Counsel; *Richard A. Daley*, Deputy Chief Counsel; and *Mark D. Vichich*, Senior Appellate Attorney, all of Washington, D.C., were on the brief for the appellee.

Before SCHOELEN, PIETSCH, and GREENBERG, *Judges*.

GREENBERG, *Judge*: Appellant Jenny N. Parseeya-Picchione, widow of veteran Francis J. Picchione, appeals through counsel a May 29, 2015, Board of Veterans' Appeals (Board) decision that denied the appellant entitlement to benefits based on service connection for (1) the cause of the veteran's death; (2) the veteran's diabetes mellitus, to include as due to herbicide exposure; and (3) the veteran's renal disease, to include as secondary to diabetes mellitus. Record (R.) at 3-31. The Court has jurisdiction to review the Board's decision pursuant to 38 U.S.C. § 7252(a). For the following reasons, the Court will vacate the Board's May 2015 decision on appeal and remand the matters for readjudication.

**I.**

The veteran served on active duty in the U.S. Army from November 1966 to January 1970 as a personnel specialist (71H20), and from August 1970 to May 1977 as a programmer analyst (74F30). R. at 53, 58-59. This service included a deployment to Thailand from January 1968 to

January 1970. R. at 2188-89. In Thailand, the veteran was assigned to Camp Friendship at the Korat Royal Thai Air Base. R. at 996.

In September 1992, the veteran was diagnosed with diabetes mellitus, type II. R. at 1510, 1642. In April 2001, the veteran developed renal insufficiency. R. at 1523. In February 2003, the veteran married the appellant. R. at 2152. In April 2005, the veteran filed a claim for benefits based on service connection for diabetes mellitus. R. at 2150, 2165-74. In his application, the veteran mistakenly reported that he had served in Vietnam from May 1968 to March 1974, and he alleged that during this period he had developed diabetes as a result of herbicide exposure. R. at 2151, 2165, 2170. In January 2006, the regional office (RO) denied the veteran's claim as a result of the inability to confirm that the veteran actually served in Vietnam. R. at 1302-08. The veteran appealed this decision to the Board.

In November 2007, the veteran's U.S. Senator, the Honorable John Ensign, submitted correspondence from the veteran to the RO alleging that the veteran was exposed to herbicides in Thailand. R. at 1183-85. In November 2009, the veteran was afforded a videoconference hearing before a member of the Board. R. at 994-1012. At the hearing, the veteran testified that he was in Vietnam "on or about" January 15, 1968, during a layover between Hawaii and Thailand. R. at 998. The veteran also testified that he had been exposed to herbicides in Thailand. R. at 999-1000. Specifically, the veteran stated that "everything on the camp was dead," but "around the bases it's all green and jungle." R. at 999. In December 2009, the Board denied the veteran's claims for diabetes mellitus and renal disease. R. at 792-805. In March 2011, the Court vacated the Board's December 2009 decision pursuant to a joint motion for remand (JMR). R. at 385-89, 792-805.

In May 2011, the veteran died from end stage renal disease. R. at 395, 691, 2760. In June 2011, the appellant filed an application for dependency and indemnity compensation and accrued benefits. R. at 2819-29. In August 2011, the RO denied service connection for the cause of the veteran's death, and the appellant subsequently appealed that decision to the Board. R. at 2475-80, 2496-2523, 2777-79. In November 2011, the RO granted the appellant's motion for substitution for the claims for service connection for diabetes mellitus and renal disease that were pending at the time of the veteran's death. R. at 2578-81. The appellant provided a copy of a declassified Air

2

Force report, Project CHECO,[1] that described Camp Friendship as bordering the perimeter of the Korat Air Force base.[2] R. at 3128. The veteran also provided third-party evidence of flight paths from the United States to Thailand that showed that these flights had to make several stops on the way, including stops in Vietnam. R. at 677-80.

In August 2013, the Board denied entitlement to benefits based on service connection for the cause of the veteran's death, diabetes mellitus, and renal disease. R. at 287-309. The appellant appealed this decision to the Court. R. at 3173-3251. The Court vacated the Board's decision and remanded the matter, determining that "the Board failed to provide *any* statement of reasons or bas[e]s for 'find[ing] the evidence does not establish the Veteran was exposed to herbicides.'" *Parseeya-Picchione v. McDonald*, No. 13-2450, 2015 WL 403346, *2 (U.S. Vet. App. Jan. 29, 2015) (alteration in original) (emphasis in original) (citations omitted). The Court noted that the Board had identified evidence favorable to the appellant, including the veteran's testimony and evidence from the Department of Defense confirming the U.S. military's use of herbicides during the Vietnam War, but that without explanation, the Board had concluded that the veteran had not been exposed to herbicides. *Id.* The Court ordered the Board on remand to "provide an adequate statement of reasons or bases for concluding that [the veteran] had not been exposed to herbicides." *Id.*

In May 2015, the Board again denied service connection for the cause of the appellant's death, diabetes mellitus, and renal disease. R. at 3-31. The Board found that the preponderance of the evidence did not support the appellant's claim that the veteran had set foot in Vietnam during his deployment, finding that the veteran had not been exposed to a tactical herbicide while he was in Thailand. R. at 7. With regard to the veteran's layover in Vietnam, the Board determined that "the best evidence in this case supports the factual conclusion that the [v]eteran's recollection of events is in error and that it is less likely than not (a less than 50% chance) that the [v]eteran was ever in Vietnam." R. at 16-17. The Board found that, in addition to inconsistent statements made by the

[1]CHECO is an acronym for "Contemporary Historical Examination of Current Operations." R. at 3086.

[2]The veteran also provided a copy of the report, but the record does not reflect when he did so.

veteran, the general evidence the veteran submitted detailing the flight paths from Hawaii to Thailand "fail[ed] to corroborate that [the veteran] spent any time in Vietnam." R. at 15. With regard to the appellant's exposure to herbicides in Thailand, the Board conceded that "a form of herbicide may have been used within the perimeters of military bases in Thailand," but that "these were only commercial herbicides, and not the herbicide agent which gives rise to the presumption of service connection for exposure to herbicides, including Agent Orange." R. at 20. The Board then noted that while Camp Friendship is a "location [] near the outer edge of [Korat Air Force Base], Camp Friendship is not located on the perimeter as contemplated by the M21-1MR [VA Adjudication Procedures Manual]." R. at 20. Further, the Board found that the veteran's military occupational specialty (MOS) as a clerk would not have placed him near the perimeter of the base. R. at 20. The Board ultimately determined that the veteran was not entitled to the presumption of exposure, and that he was not directly exposed to herbicides. R. at 19-20. This appeal followed.

## II.

The appellant argues that the Board committed prejudicial error by (1) failing to provide an adequate statement of reasons or bases for its findings, and (2) improperly discounting the veteran's lay testimony. Appellant's Brief (Br.) at 7. Specifically, the appellant argues that the Board failed to provide an adequate statement of reasons or bases for its conclusion that the veteran had not served on the perimeter of the Korat Air Force Base in Thailand after it acknowledged that the veteran was assigned to Camp Friendship, which lay on the outer edge of Korat Air Force Base. *Id.* at 10-11.

Additionally, the appellant argues that the Board failed to provide an adequate statement of reasons or bases for its finding that the veteran's testimony regarding a layover in Vietnam was not credible. *Id.* at 16. The appellant points to third-party evidence in the record that supported the veteran's statements, and ultimately the appellant argues that any inconsistencies in the veteran's testimony were inconsequential. *Id.* at 17-18.

In his brief, the Secretary concedes that the Board inaccurately stated that tactical-type herbicides were not used in Thailand, but he argues that this error was harmless. Secretary's Br. at 6. The Secretary asserts that there is no evidence in the record indicating that the veteran served on the perimeter of Korat Air Force Base, nor is there evidence of direct exposure to herbicides. *Id.*

4

Although the Secretary admits that the Board's discussion of the location of Camp Friendship with relation to the perimeter of Korat Air Force Base is confusing, the Secretary maintains that the Board's conclusion that the veteran did not serve on the perimeter of the base is sound. *Id.* at 17-18. With regard to the veteran's testimony about his layover in Vietnam, the Secretary argues that the Board's finding of a lack of credibility was "plausible and supported with an adequate statement of reasons or bases." *Id.* at 6. Additionally, the Secretary posits that the appellant impermissibly attempted to shift the burden of proof onto the Board to disprove that the veteran had a layover in Vietnam. *Id.* at 23.

## III.
### A.

As an initial matter, the Court discerns no error in the Board's determination that the veteran's testimony was not credible as it pertains to his alleged layover in Vietnam. *See Wood v. Derwinski*, 1 Vet.App. 190, 193 (1991) ("The [Board] has the duty to assess the credibility and weight to be given to the evidence."). The Board found that the appellant's inconsistent recollections of his service, including his initial application for benefits in which he indicated that he had served in Vietnam from May 1968 to March 1974, demonstrated that the appellant is "not an accurate historian." R. at 15, 2165. The Board's credibility determination is therefore supported with an adequate statement of reasons and bases. *See* 38 U.S.C. § 7104(d)(1) ("Each decision of the Board shall include . . . a written statement of the Board's findings and conclusions, and the reasons or bases for those findings and conclusions, on all material issues of fact and law presented in the record."); *Gilbert v. Derwinski*, 1 Vet.App. 49, 56-57 (1990) (the Board is required to provide a written statement of the reasons or bases for its findings and conclusions, adequate to enable an appellant to understand the precise basis for the Board's decision as well as to facilitate review in this Court).

However, the inquiry cannot end there. Although the Board discounted the veteran's lay evidence, the Board must review the other evidence submitted and provide an adequate statement of reasons or bases for its conclusion that the appellant did not step foot in Vietnam. *See Gilbert, supra*. The appellant has submitted evidence stating that "it would be the exception [rather] than the rule where a flight [from a base not in Southeast Asia to a base in Thailand] would bypass [Ton

5

Son Nhut Air Base in Vietnam, where the veteran's alleged layover took place]." R. at 655. An email from James S. Howard, an archivist from the Air Force Historical Research Agency, reports that "[a]s a general rule, military cargo aircraft, especially those engaged in 'airlines' would stop over at Ton Son Nhut Air Base, Republic of Vietnam en[]route to bases in Thailand. Very few of this sort of flight were made 'direct' to bases in Thailand from bases outside Southeast Asia." R. at 651. The record also reflects that retired Major Robert E. Copner, U.S. Air Force, submitted a letter on the veteran's behalf, asserting that "[b]ased on my experience, it was common for military aircraft flying to and from airbases in Thailand to land at Ton Son Nhut [Air Base] and other Vietnam airbases." R. at 957. The Board failed to specifically discuss any of this evidence, instead simply stating that the evidence provided only "general information" and no support for the claim "that the veteran himself stopped in Vietnam over-night during his trip to Thailand." R. at 11. This cursory discussion does not enable the appellant to understand the Board's precise basis for concluding that the veteran had not set foot in Vietnam and frustrates judicial review of that issue. Remand is warranted. *See Tucker v. West*, 11 Vet.App. 369, 374 (1998) (remand is appropriate "where the Board has . . . failed to provide an adequate statement of reasons or bases for its determinations, or where the record is otherwise inadequate").

**B.**

The Court also concludes that the Board failed to provide an adequate statement of reasons or bases for denying herbicide exposure on a direct basis in light of the Board's acknowledgment that the veteran "served in Camp Friendship at the Korat [A]ir [Force] [B]ase, which was located near the perimeter of Korat [A]ir [F]orce [B]ase." R. at 20; *see Gilbert, supra*. The Board discussed the veteran's testimony that "herbicides were used throughout the Korat Royal Thai Air Force Base and not just the perimeter," and that "he knew this because *the area surrounding the military base was lush and green and full of vegetation*, but everything within the borders of the base was dead and brown." R. at 18-19 (emphasis added). As the Secretary points out in his brief, the Board's discussion about where Camp Friendship and Korat Air Force Base are located in relation to one another is confusing at best. Secretary's Br. at 17. Rather than citing specific evidence that addressed the proximity of Camp Friendship to the perimeter of Korat, the Board merely stated that "the evidence reflects Camp Friendship is a location *within the borders* of the Korat air base." R. at 20 (emphasis added). However, in the next sentence, the Board states that "while this location

6

is near the outer edge of the base, Camp Friendship is not located on the perimeter as contemplated by the M21-1MR."[3] *Id*. This discussion of the two locations conflicts with how both the Project CHECO report and the veteran described the locations. The report stated that Fort Suranari was located on one side of the perimeter and Camp Friendship "bordered Korat on another section of perimeter." R. at 3128. Additionally, the veteran testified that Camp Friendship, Korat, Royal Thai Air Force Base, and Camp Dusit Thai were "like a complex for the U.S. military in Korat" and that Dusit was a "small camp outside of Korat." R. at 996. Remand is required for the Board to clarify its position and provide an adequate statement of reasons or bases for its findings. *See Gilbert, supra*.

Further, the Board incorrectly stated that "the only tactical herbicides used in Thailand were used four years before the veteran arrived and in a wholly separate location than where the veteran served." R. at 21. As the Secretary admits, this statement was inaccurate, but he maintains that the error is not prejudicial. Secretary's Br. at 14-15. The VA Compensation Service has acknowledged that there was "some evidence that the herbicides used on the Thailand base perimeters may have been either tactical, procured from Vietnam, or a commercial variant of much greater strength and with characteristics of tactical herbicides." Comp. & Pension Serv. Bull. (U.S. Dep't of Veterans Affairs, Washington, D.C.), May 2010, at 3.

When it is established on appeal to the Court that the Board has committed an error, the Court must take due account of the rule of prejudicial error. 38 U.S.C. § 7261(b)(2); *Newhouse v. Nicholson*, 497 F.3d 1298, 1302-03 (Fed. Cir. 2007); *Conway v. Principi*, 353 F.3d 1369, 1374 (Fed. Cir. 2004). An error is prejudicial when it "affects a substantive right that a statutory or regulatory provision was designed to protect" and "affects the essential fairness of the adjudication." *Overton v. Nicholson*, 20 Vet.App. 427, 434-35 (2006) (citing *McDonough Power Equip. v. Greenwood*, 464 U.S. 548, 553 (1984)). The Court finds the Board's error of fact prejudicial. A VA finding that the veteran *did* serve near the perimeter of the base may be significant because the perimeter was the only area where herbicides of a type similar to Agent Orange may have been used. *Id*. Therefore, if VA found that the veteran served near the perimeter, the Board's misstatement is

---

[3]VA ADJUDICATION PROCEDURES MANUAL (M21-1MR), pt. IV, subpt. ii, ch. 2, sec. C, Service Connection for Disabilities Resulting from Exposure to Herbicides or Based on Service in the Republic of Vietnam (RVN) (2015).

7

crucial to the appellant's claim. The Court will remand this issue because the Board's error is prejudicial.

## C.

Because the appellant's cause-of-death and renal failure claims are predicated on the appellant obtaining service connection for diabetes, a determination on the diabetes claim may have a "significant impact" on the remaining claims on appeal; consequently, the Court will remand both claims as inextricably intertwined. *See Harris v. Derwinski*, 1 Vet.App. 180, 183 (1991) (holding that where a decision on one issue could have a "significant impact" upon another, the two claims are inextricably intertwined), *overruled on other grounds by Tyrues v. Shinseki*, 23 Vet.App. 166 (2009) (en banc), *aff'd*, 631 F.3d 1380, 1383 (Fed. Cir. 2011), *vacated and remanded for reconsideration*, 132 S. Ct. 75 (2011), *modified*, 26 Vet.App. 31 (2012).

## IV.

After consideration of the appellant's and Secretary's briefs, and a review of the records, the Board's May 29, 2015, decision is VACATED and the matter is REMANDED for readjudication. Because the Court is remanding the matter, it will not address the appellant's remaining arguments. *See Dunn v. West*, 11 Vet.App. 462, 467 (1998). On remand, the appellant may present, and the Board must consider, any additional evidence and arguments. *See Kay v. Principi*, 16 Vet.App. 529, 534 (2002). This matter is to be provided expeditious treatment on remand. VA must proceed expeditiously, in accordance with 38 U.S.C. § 7112 (requiring the Secretary to provide for "expeditious treatment" of claims remanded by the Court).