﻿Citation Nr: AXXXXXXXX
Decision Date: 03/31/21 Archive Date: 03/31/21

DOCKET NO. 190913-30770
DATE: March 31, 2021

ORDER

Entitlement to service connection for coronary artery disease is granted.

FINDINGS OF FACTS

1. The evidence is at least in equipoise as to whether the Veteran was exposed to herbicide agents during his service in Thailand. 

2. The Veteran’s coronary artery disease is presumptively related to herbicide exposure. 

CONCLUSION OF LAW

The criteria for service connection for coronary artery disease are met. 38 U.S.C. §§ 1116, 5107; 38 C.F.R. §§ 3.102, 3.307, 3.309.

REASONS AND BASES FOR FINDINGS AND CONCLUSION

The Veteran served on active duty from December 1968 to March 1976. 

The rating decision on appeal was issued in July 2019 and constitutes an initial decision; therefore, the modernized review system, also known as the Appeals Modernization Act (AMA), applies. 

In June 2019, the Veteran submitted a VA Form 20-0995, Decision Review Request: Supplemental Claim, and requested review of a June 2019 rating decision based on new and relevant evidence. In July 2019 the agency of original jurisdiction (AOJ) issued the supplemental claim decision on appeal, which implicitly found that new and relevant evidence had been received and denied the claim based on the evidence of record at the time of that decision. The finding of new and relevant evidence to readjudicate is a favorable finding that is binding on the Board and the Board may proceed to the merits of the claim.

In the September 2019 VA Form 10182, Decision Review Request: Board Appeal, the Veteran elected the Evidence Submission docket. Therefore, the Board may only consider the evidence of record at the time of the AOJ decision on appeal, as well as any evidence submitted by the Veteran or his representative with, or within 90 days from receipt of, the VA Form 10182. 38 C.F.R. § 20.303.

Entitlement to service connection for coronary artery disease

The Veteran is seeking service connection for coronary artery disease, which he believes was caused by exposure to herbicide agents during his service in Thailand during the Vietnam Era.

The AOJ found that the Veteran has a current disability that presumptively is linked to exposure and he served in Thailand. The Board is bound by these favorable findings. 

VA has established a presumption of service connection for certain diseases found to be associated with herbicide agent exposure. See 38 U.S.C. § 1116; 38 C.F.R. § 3.309 (e). Absent affirmative evidence to the contrary, such diseases will be service connected even if there is no evidence of the disease during service, provided that herbicide exposure is established. Id.; 38 C.F.R. § 3.307 (d). The term “herbicide agent” means a chemical in an herbicide used in support of the United States and allied military operations in the Republic of Vietnam during the period beginning on January 9, 1962 and ending on May 7, 1975 (the Vietnam Era). 38 C.F.R. § 3.307 (a)(6).

There is no presumption of exposure to herbicide agents in Thailand. However, herbicide exposure should be conceded if an Air Force Veteran served at specified Royal Thai Air Force bases (RTAFB), to include U-Tapao, as a security policeman; security patrol dog handler; member of the security police squadron; or, otherwise near the air base perimeter as shown by evidence of daily work duties, performance evaluation reports, or other credible evidence. See M21-1, Part IV.ii.1.H.4.b. The Board must consider lay statements and other evidence when determining whether a veteran had exposure to herbicide agents in Thailand. See Parseeya-Picchione v. McDonald, 28 Vet. App. 171, 176 (2016).

VA has already acknowledged that the Veteran served with the U.S. Air Force and was stationed at U-Tapao RTAFB as an inventory management specialist from November 1971 to May 1972. See July 2019 rating decision. The Veteran contends that his job required him to be around the perimeter. In September 2019, he submitted a copy of part of his Military Personnel Record and he wrote that he was assigned to R&M yard, which he contends was located on the perimeter fence. See September 2019 Correspondence. 

The Board finds no reason to conclude that the Veteran’s accounts are not credible. The record shows that the Veteran served in Thailand at U-Tapao RTAFB during the Vietnam Era, and his descriptions are consistent with the circumstances of his service and his personnel records. The Board finds the evidence at least in equipoise as to whether the Veteran was exposed to herbicide agents in service.

(Continued on the next page)

 

As noted above, the Veteran has a current diagnosis of coronary artery disease, which is a condition presumptively related to herbicide exposure under 38 C.F.R. § 3.309 (e). Therefore, service connection for coronary artery disease is granted.

 

 

LAURA E. COLLINS

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board S. Solomon

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.