Citation Nr: AXXXXXXXX
Decision Date: 05/27/21 Archive Date: 05/27/21

DOCKET NO. 200211-69228
DATE: May 27, 2021

ORDER

Entitlement to service connection for right ear hearing loss is dismissed.

Entitlement to service connection for diabetes mellitus type II, due to presumed herbicide agent exposure is granted.

FINDINGS OF FACT

1. In May 2021, prior to the promulgation of a decision in the appeal, the Veteran notified VA that he wished to withdraw his appeal with respect to the issue of entitlement to service connection for right ear hearing loss.

2. The Veteran's diabetes mellitus type II is related to Agent Orange exposure.

CONCLUSIONS OF LAW

1. The criteria for withdrawal of an appeal have been met. 38 U.S.C. § 7105; 38 C.F.R. § 20.205.

2. The criteria for service connection for diabetes mellitus type II have been met. 38 U.S.C. §§ 1110, 1116, 1131, 5107(b); 38 C.F.R. §§ 3.102, 3.303, 3.307, 3.309.

REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

The Veteran served on active duty From July 1971 to October 1975.

This case comes before the Board of Veterans' Appeals (Board) on appeal from a May 2018 rating decision by the Department of Veterans Affairs (VA) Regional Office (RO), which reconsidered the claims for diabetes mellitus type II and right ear hearing loss previously denied in a January 2018 rating decision. 

The May 2018 rating decision confirmed and continued the denials for diabetes mellitus type II and right ear hearing loss. The Veteran disagreed with the RO's determination. The denials for diabetes mellitus type II and right ear hearing loss were confirmed in a February 2020 statement of the case (SOC). 

In February 2020, the Veteran submitted a VA Form 10182 (Decision Review Request: Board Appeal (Notice of Disagreement) (NOD)) and elected a hearing with a Veterans Law Judge (VLJ). This was a valid appeal under the AMA because the Veteran opted into the Appeals Modernization Act (AMA) within 60 days of an SOC issued after February 19, 2019. 38 C.F.R. § 3.2400 (c)(2).

In May 2021, the Veteran testified during a virtual Board hearing before the undersigned Veterans Law Judge (VLJ). Although a transcript of that hearing has not yet been made, one is not necessary in this case as the benefit sought is being granted in full.

Withdrawal of Appeal

1. Right Ear Hearing Loss

The Board may dismiss any appeal which fails to identify the specific determination with which the claimant disagrees. 38 U.S.C. § 7105(d). An appeal may be withdrawn as to any or all issues involved in the appeal and may be made by the appellant or the appellant's authorized representative. 38 C.F.R. § 19.55(a).

Unlike 38 C.F.R. § 20.204, its predecessor regulation, 38 C.F.R. § 19.55 does not have a provision explicitly providing for withdrawal of an appeal on the record at a hearing. With regard to such oral withdrawals, "withdrawal of a claim is only effective where the withdrawal is explicit, unambiguous, and done with a full understanding of the consequences of such action on the part of the claimant." Delisio v. Shinseki, 25 Vet. App. 45, 57 (2011). A Board determination that a claimant withdrew his or her appeal must include a "finding regarding whether [the appellant] understood the consequences of withdrawing his claims." Acree v. O'Rourke, 891 F.3d 1009, 1015 (Fed. Cir. 2018). 

In this case, at the beginning of the May 2021 Board hearing, the undersigned asked the Veteran if he understood that if he withdrew his appeal, he could later change his mind and file a new claim but that he would have to start over from the beginning and if benefits were eventually awarded, they would not be awarded as far back as they would have had he not withdrawn the appeal. The Veteran indicated that he understood. Thus, the Veteran's withdrawal was explicit, unambiguous, and done with a full understanding of the consequences. Moreover, even in the absence of explicit language allowing for withdrawal of an appeal on the record at a hearing, there is no prohibition against such withdrawal and in this case the Veteran and his representative expressed a desire to withdraw the appeal from the denial of the claim for service connection for right ear hearing loss. Dismissal of the appeal is therefore appropriate in these circumstances.

Service Connection

Service connection may be established for disability resulting from personal injury suffered or disease contracted in line of duty in the line of duty in the active military, naval, or air service. 38 U.S.C. § 1110; 38 C.F.R. § 3.303.

VA laws and regulations provide that, if a Veteran was exposed to Agent Orange during service, certain listed diseases, including diabetes mellitus (type 2), are presumptively service-connected. 38 U.S.C. § 1116(a)(1), (2)(H); 38 C.F.R. § 3.309(e). Although veterans who served in Vietnam are presumed to have been exposed to herbicide agents, the Veteran served in Thailand. 

In addition to exposure within Vietnam, exposure to Agent Orange and other herbicide agents has been noted to have occurred in various places outside of the Republic of Vietnam, including Thailand:" VA Compensation Service has acknowledged that there is some evidence that the herbicides used on the Thailand base perimeters may have been either tactical, procured from Vietnam, or a commercial variant of much greater strength and with characteristics of tactical herbicides.' Parseeya-Picchione v. McDonald, 28 Vet. App. 171, 177 (2016) (quoting COMP. & PENSION SERV. BULL. (U.S. Dep't of Veterans Affairs, Washington, D.C.), May 2010, at 3).

Specifically, VA has determined that U.S. Air Force Veterans who served on Royal Thai Air Force Bases (RTAFBs) at U-Tapao, Ubon, Nakhon Phanom, Udorn, Takhli, Korat, and Don Muang, near the air base perimeter anytime between February 28, 1961 and May 7, 1975, may have been exposed to herbicides. To warrant a finding of herbicide agent exposure at one of the above listed air bases, a veteran must have served as an Air Force security policeman, security patrol dog handler, member of a security police squadron, or otherwise served near the air base perimeter, as shown by military occupational specialty, performance evaluation, or other credible evidence. If any of these criteria are met, exposure to herbicide agents is to be conceded on a direct/facts-found basis. In the case of veterans who served at a U.S. Army base in Thailand during the Vietnam era, herbicide agent exposure may be conceded on a direct/facts-found basis for veterans who served as a member of the military police unit, or with a military police occupational specialty.

2. Diabetes Mellitus 

In this case, the evidence of record indicates a current diagnosis of diabetes mellitus. Specifically, a February 2019 VA clinical record shows a diagnosis of diabetes mellitus type II. Thus, the first element of service connection has been met.

With respect to the question of service incurrence, the evidence does not indicate, nor does the Veteran contend that he was exposed to herbicide agents while serving in Vietnam. Specifically, he asserts that he was exposed to Agent Orange while serving in Nakhon Phanom, Thailand.

In a May 2018 statement, the Veteran asserted that he served in Korea and Thailand and was exposed to Agent Orange and other chemicals during his military service. He noted that he worked near security fences in his job as fire protection specialist. The Veteran stated that he had the same job code description as military police (MPs) in Thailand, which was security forces. He noted that he protected structures and aircrafts of all types and was exposed to chemicals during the time he served. 

VA has attempted to confirm whether the Veteran has qualifying Vietnam era service as contemplated by VA laws in regulations. A May 2018 administrative decision indicated the Veteran did serve in a unit that is identified as possible exposure to herbicide agents, however, there was no evidence of the nature of the alleged exposure. The decision concluded that the information required to corroborate Agent Orange exposure in Thailand was insufficient.

In his June 2018 Notice of Disagreement (NOD), the Veteran reported that his military occupational specialty (MOS) was fire protection specialist, and that he fought fires while stationed at Nakhon Phanom, Thailand in 1974. He recalled going out to the perimeter of the base to fight two fires. The Veteran stated they were at the perimeter just like the military police and dog handlers. At his May 2021 Board hearing, the Veteran testified that he served near the perimeter in Thailand in the performance of his duties as a fire protection specialist. He reiterated his exposure to herbicide agents while serving in Thailand. The Veteran's DD Form 214 shows that he was assigned to the 656 CES PACAF and his MOS was fire protection specialist. His personnel records show that he served with the 656th Civil Engineering Squadron, Nakhon Phanom, RTAFB, Thailand (PACAF) from June 27, 1974 to June 26, 1975 as a base fire protection specialist. 

The Board must consider lay evidence in addition to the service records, and the places, types, and circumstances of service. See 38 U.S.C. § 1154 (a); 38 C.F.R. § 3.303 (a). In addition, the Board must consider historical, and archival evidence, in addition to service records, in determining whether there was service in Vietnam or exposure to herbicide agents elsewhere. Parseeya-Picchione v. McDonald, 28 Vet. App. 171, 176 (2016). There is no affirmative evidence to explicitly contradict the Veteran's reports of being at the perimeter of the base and the Veteran's reports are generally consistent with the information contained in his service records. The statements of the Veteran are competent, credible, and consistent with the places, types, and circumstances of his service. See 38 U.S.C. § § 1154 (a); 38 C.F.R. § 3.303 (a). Exposure to herbicide agents is therefore conceded on a direct/facts-found basis.

As the Veteran currently has diabetes mellitus type II and is presumed to have been exposed to herbicide agents in Thailand, service connection for diabetes mellitus type II is warranted on a presumptive basis. 

 

 

Jonathan Hager

Veterans Law Judge

Board of Veterans' Appeals

Attorney for the Board R. Walker, Counsel

The Board's decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.