﻿Citation Nr: AXXXXXXXX
Decision Date: 12/31/20 Archive Date: 12/31/20

DOCKET NO. 181011-1299
DATE: December 31, 2020

ORDER

Entitlement to service connection for left residuals of shin splints is dismissed.

Entitlement to service connection for right residuals of shin splints is dismissed.

REMANDED

Entitlement to service connection for unstable angina is remanded.

Entitlement to service connection for right carpal tunnel syndrome is remanded.

Entitlement to service connection for left carpal tunnel syndrome is remanded.

FINDINGS OF FACT

1. On November 25, 2019, prior to the promulgation of a decision in the appeal, the Board received notification from the appellant that a withdrawal of this appeal for entitlement to service connection for left residuals of shin splints is requested.

2. On November 25, 2019, prior to the promulgation of a decision in the appeal, the Board received notification from the appellant that a withdrawal of this appeal for entitlement to service connection for right residuals of shin splints is requested.

CONCLUSIONS OF LAW

1. The criteria for withdrawal of entitlement to service connection for left residuals of shin splints are met. 38 U.S.C. § 7105; 38 C.F.R. § 20.205.

2. The criteria for withdrawal of entitlement to service connection for right residuals of shin splints are met. 38 U.S.C. § 7105; 38 C.F.R. § 20.205.

REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

The Veteran served on active duty with the Air Force from February 1979 and March 1983. 

A rating decision was issued under the legacy system in February 2015. In May 2018, the Veteran opted into the modernized review system, also known as the Appeals Modernization Act (AMA), by submitting a Rapid Appeals Modernization Program (RAMP) election form and selecting the higher-level review (HLR) lane. The agency of original jurisdiction (AOJ) issued a RAMP HLR decision in September 2018, which is the decision on appeal. 

In the October 2018 VA Form 21-4138, RAMP Selection, the Veteran elected the Hearing docket. Therefore, the Board may only consider the evidence of record at the time of the RAMP opt-in, as well as any evidence submitted by the Veteran, or her representative, at the hearing or within 90 days following the hearing. 38 C.F.R. § 20.302(a).

The Veteran testified before the undersigned at a video conference hearing on November 25, 2019. A transcript of the proceeding has been associated with the claims file.

1. Entitlement to service connection for left residuals of shin splints.

2. Entitlement to service connection for right residuals of shin splints.

The Board may dismiss any appeal which fails to allege specific error of fact or law in the determination being appealed. 38 U.S.C. § 7105. An appeal may be withdrawn as to any or all issues involved in the appeal at any time before the Board promulgates a decision. 38 C.F.R. § 20.205. Withdrawal may be made by the appellant or by his or her authorized representative. Id. In the present case, the Veteran, through her authorized representative, has withdrawn her appeal for service connection for bilateral residuals of shin splints. The Veteran, through her representative, explicitly and unambiguously with a full understanding of the consequences, withdrew the issues orally during the November 2019 Board hearing and, hence, there remain no allegations of errors of fact or law for appellate consideration. DeLisio v. Shinseki, 25 Vet. App. 45, 57 (2011); see Acree v. O’Rourke, 891 F.3d 1009, 1014 (Fed. Cir. 2018). Accordingly, the Board does not have jurisdiction to review the appeal and it is dismissed.

REASONS FOR REMAND

1. Entitlement to service connection for unstable angina is remanded.

The Veteran contends that she has a diagnosis of unstable angina that is secondary to her service-connected posttraumatic stress disorder (PTSD). 

The issue of entitlement to unstable angina is remanded to correct a duty to assist error that occurred prior to the September 2018 rating decision on appeal. The AOJ obtained a January 2015 medical opinion prior to the September 2018 rating decision on appeal. However, this medical opinion does not adequately address the relevant facts of the case to determine whether the Veteran has a diagnosis of unstable angina that is caused or aggravated by her service-connected PTSD.

The Board notes that VA’s duty to assist includes a duty to provide a medical examination or obtain a medical opinion where it is deemed necessary to decide on the claim. 38 U.S.C. § 5103A (d); 38 C.F.R. § 3.159 (c)(4); Duenas v. Principi, 18 Vet. App. 512 (2004); McLendon v. Nicholson, 20 Vet. App. 79 (2006). In addition, once VA undertakes the effort to provide an examination when developing a service connection claim, even if not statutorily obligated to do so, it must provide an adequate one or, at a minimum, notify the claimant why one will not or cannot be provided. Barr v. Nicholson, 21 Vet. App. 303, 311 (2007). 

The January 2015 VA examiner opined that the Veteran does not have a diagnosis of any heart condition as there is no evidence of heart pathology per the available records. However, a review of the Veteran’s medical records indicates that she was admitted to the emergency room in May 2013 at Flagler Hospital for a complaint of chest pain and her preliminary diagnoses were chest pain, unstable angina, and anxiety. She was assessed with symptoms that were concerning for unstable angina, a cardiac catherization identified minimal coronary artery disease, and an echocardiogram identified trivial pericardial effusion, suggesting possible element pericarditis. Subsequently, her VA treatment records reveal that she received a cardiology evaluation in June 2013. The Veteran was noted to have chest pain atypical for angina, but that could have been the result of microvascular angina. It was also noted that the Veteran’s symptoms had resolved with the addition of calcium channel blockers, notably amlodipine. The Veteran’s VA treatment records indicate that she has been continuously monitored for asymptomatic angina and was prescribed amlodipine. 

Based on the Veteran’s medical treatment records, the Board finds that the January 2015 VA opinion is inadequate as it is does not consider all the relevant facts of record. Dalton v. Nicholson, 21 Vet. App. 23 (2007). Accordingly, a remand is necessary for a new VA examination that considers all the relevant evidence of record. The Board notes that the Veteran submitted evidence from physician S.M. during the 90-day evidence window immediately following her November 2019 Board hearing, but the reporting physician endorsed that the Veteran’s claimed disability was caused by service without providing sufficient rationale to support the endorsement.

2. Entitlement to service connection for right carpal tunnel syndrome is remanded.

3. Entitlement to service connection for left carpal tunnel syndrome is remanded.

The Veteran contends that her diagnosis of bilateral carpal tunnel syndrome is attributable to the duties of her military occupational specialty as a fabrication and parachute specialist. 

The issue of entitlement to bilateral carpal tunnel syndrome is remanded to correct a duty to assist error that occurred prior to the September 2018 rating decision on appeal. The AOJ did not obtain a VA examination prior to the September 2018 rating decision on appeal regarding whether the Veteran’s carpal tunnel syndrome is directly related to duties required of a fabrication and parachute specialist. However, based on the evidence associated with the claims file prior to the September 2018 rating decision, the Board finds that a VA examination is required to determine whether the Veteran’s carpal tunnel syndrome is related to the duties that Veteran completed as a fabrication and parachute specialist. 

A VA examination or opinion must be obtained if there is: (1) competent evidence of a current disability; (2) evidence of an in-service event, injury, or illness; (3) an indication that a current, claimed disability may be associated with the Veteran’s service or another service-connected disability; and (4) the record contains insufficient competent medical evidence to make a decision. See McLendon v. Nicholson, 20 Vet. App. 79 (2006). The Board finds that the Veteran’s VA treatment records indicate that she was diagnosed with carpal tunnel syndrome in February 2004. In a July 2015 statement in support of claim, the Veteran stated that she developed carpal tunnel syndrome due to packing thousands of survival gear including parachutes. 

Based on the evidence of record, the Board finds that the Veteran is entitled to a VA examination to determine whether her bilateral carpal tunnel syndrome is related to her contentions of having to packing thousands of survival gear in service. McLendon v. Nicholson, 20 Vet. App. 79, 83 (2006) (recognizing that 38 C.F.R. § 3.159 (c)(4) presents a low threshold for the requirement of a VA examination). Accordingly, a remand is necessary to obtain a VA examination.

Again, the Board acknowledges that the Veteran submitted evidence from physician S.M. during the 90-day evidence window immediately following her November 2019 Board hearing, but the reporting physician endorsed that the Veteran’s claimed disability was caused by service without providing sufficient rationale in support of the endorsement. 

The matters are REMANDED for the following actions:

1. Schedule the Veteran for a VA examination for her claimed disability of unstable angina or any related heart conditions. The examiner must review the claims file.

The examiner is asked to provide a response to the following:

(a) Is it at least as likely as not that the Veteran’s unstable angina (or any other diagnosed heart condition) had its onset during, or is otherwise related to, her period of service?

(b) Is her unstable angina or any other diagnosed heart conditions at least as likely as not proximately due to her service-connected PTSD?

(c) Is her unstable angina or any other diagnosed heart conditions at least as likely as not aggravated, i.e., worsened beyond its natural progression, by her service-connected PTSD? 

When rendering an opinion, the examiner is asked to consider the May 2013 emergency room records from Flagler Hospital as well as the June 2013 VA cardiology evaluation and the subsequent VA treatment records noting asymptomatic angina. 

Any opinion expressed should be accompanied by a complete rationale.

2. Schedule the Veteran for a VA examination for her bilateral carpal tunnel syndrome. The examiner must review the claims file.

The examiner is asked to provide a response to the following:

(a) Is the Veteran’s carpal tunnel syndrome at least as likely as not related to service, including the duties required as a fabrication and parachute specialist?

(b) Is it at least as likely as not that the Veteran’s carpal tunnel syndrome (1) began during active service, (2) manifested within one year after discharge from service, or (3) was noted during service with continuity of the same symptomatology since service?

Any opinion expressed should be accompanied by a complete rationale.

 

M. C. WILSON

Acting Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board M. Hartford, Associate Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.