﻿Citation Nr: AXXXXXXXX
Decision Date: 01/29/21 Archive Date: 01/29/21

DOCKET NO. 200716-85622
DATE: January 29, 2021

ORDER

The issue of entitlement to a disability rating in excess of 10 percent for a right wrist disability is dismissed.

REMANDED

Entitlement to a rating in excess of 10 percent for a lumbar spine disability is remanded.

Entitlement to disability ratings in excess of 10 percent for a bilateral knee disabilities is remanded.

FINDING OF FACT

On October 30, 2020, the Veteran submitted a Motion to Withdraw stating that he wished to withdraw the appeal of his claim for an increased rating for his right wrist disability.

CONCLUSION OF LAW

The criteria for dismissal of the appeal of the issue of entitlement to an increased rating for his right wrist disability are met. 38 U.S.C. § 7105(d)(5); 38 C.F.R. § 20.205.

REASONS AND BASES FOR FINDING AND CONCLUSION

The Veteran served on active duty from November 2008 to February 2013. This matter comes before the Board of Veteran’s Appeal (Board) on appeal from a May 2020 rating decision of the Department of Veterans Affairs (VA) Regional Office (RO).

On August 23, 2017, the President signed into law the Veterans Appeals Improvement and Modernization Act, Pub. L. No. 115-55 (to be codified as amended in scattered sections of 38 U.S.C.), 131 Stat. 1105 (2017), also known as the Appeals Modernization Act (AMA). This law creates a new framework for Veterans dissatisfied with the Department of Veterans Affairs (VA)’s decision on their claim to seek review. This decision has been written consistent with the new AMA framework.

In March 2020, the RO issued the first rating decision, which adjudicated the issues on appeal. Subsequently, in March 2020, the Veteran filed a VA Form 20-0996, Decision Review Request: Higher-Level Review of the March 2020 rating decision. In May 2020, the RO issued the second rating decision. Following the May 2020 rating decision, the Veteran submitted a VA Form 10182, Decision Review Request: Board Appeal and selected the Direct Review docket. Therefore, the Board may only consider the evidence of record at the time of the March 2020 rating decision, the decision that was readjudicated by the RO in the May 2020 rating decision. 38 C.F.R. § 20.301. 

Entitlement to a rating in excess of 10 percent for the Veteran’s right wrist disability is dismissed.

An appeal may be withdrawn as to any or all issues involved in the appeal at any time before the Board promulgates a decision. 38 C.F.R. § 20.204. Withdrawal may be made by the appellant or by his or her authorized representative. Id. In Acree v. O'Rourke, the Federal Circuit Court of Appeals held that an effective claim withdrawal must be (1) explicit, (2) unambiguous, and (3) done with a full understanding of the consequences of such action on the part of the veteran. 891 F.3d 1009 (Fed. Cir. 2018).

Here, the Veteran submitted a Motion to Withdraw stating that he wished to withdraw the appeal of his claim for an increased rating for his right wrist disability. See October 2020 Correspondence. The Board finds that this communication reflects an explicit and unambiguous withdrawal of the Veteran’s claim and demonstrates a full understanding of the effect of such withdrawal. 

As a result of the withdrawal of the claim of entitlement to an increased rating for the Veteran’s right wrist disability, there remains no allegations of errors of fact or law for appellate consideration as to this issue. Accordingly, the Board does not have jurisdiction to review the appeal, and it is dismissed. 

REASONS FOR REMAND

1. Entitlement to a rating in excess of 10 percent for the Veteran’s lumbar spine disability is remanded.

After reviewing the evidence of record, the Board finds that a remand is warranted to correct the duty to assist error that occurred prior to the issuance of the March 2020 rating decision. Specifically, a February 2018 VHA Choice Approval for Medical Care Form noted that the Veteran was authorized to begin physical therapy with treatment for his lumbar spine disability and intervertebral disc disorder with radiculopathy. See February 2018 VA Treatment Record. Currently, the Veteran’s claim does not contain the physical therapy records or the treatment records. Nevertheless, the RO proceeded to adjudicate the merits of the Veteran’s claim without first attempting to assist the Veteran in obtaining these VA treatment records. This was erroneous as, pursuant to the Veteran’s February 2018 VA treatment record, these treatment records may have indicated the severity of the Veteran’s lumbar spine disability and whether he has radiculopathy. As such, remand is warranted so that the RO may attempt to obtain these records. 

2. Entitlement to ratings in excess of 10 percent for the Veteran’s bilateral knee disabilities is remanded.

The Board finds that the issue of entitlement to service connection for the Veteran’s bilateral knee disability must be remanded to correct a duty to assist error. Specifically, the February 2020 VA examination failed to comply with the requirements of Correia v. McDonald, by failing to comment on whether there was evidence of pain with weightbearing for both knees. 28 Vet. App. 158, 168 (2016); see October 2020 Informal Hearing Presentation. Therefore, the Board finds that the February 2020 opinion is inadequate for adjudicative purposes. See Barr v. Nicholson, 21 Vet. App. 303, 311 (2007). 

Based on the foregoing deficiencies, a new VA examination is warranted. See Id. at 311 (once VA undertakes the effort to provide an examination when developing a service-connection claim, even if not statutorily obligated to do so, it must provide an adequate one or, at a minimum, notify the claimant why one will not or cannot be provided). The new VA medical opinion should address whether there is evidence of pain with weightbearing for both knees. 

The matters are REMANDED for the following action:

1. Obtain the Veteran’s VA treatment records from the Rocky Mountain Regional VAMC for the period after February 23, 2018.

If these records are unavailable, the AOJ should prepare a memorandum of unavailability and notify the Veteran and his representative.

2. Schedule the Veteran for an examination by an appropriate VA clinician to determine whether there is evidence of pain with weightbearing in the Veteran’s bilateral knees. Please state whether is there is evidence of pain with weightbearing.

On examination at the February 2020 VA Examination, ROM was not tested in weight-bearing conditions. Please state whether range of motion testing was required to adequately assess the appellant’s pain on motion. Please explain why or why not. 

The examiner should also attempt to provide retrospective assessments of what the likely ranges of motion would have measured at the February 2020 examination, had ROM been tested in (1) passive motion, (2) in weight-bearing, and (3) in non-weight-bearing. If this assessment is not feasible, please clearly explain why that is so.

A rationale for all opinions expressed should be set forth. If the examiner cannot provide an opinion without resorting to speculation, he/she should explain why an opinion cannot be provided (e.g. lack of sufficient information/evidence, the limits of medical knowledge, etc.).

 

 

S.C. Krembs

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board S.Foster

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.