Citation Nr: AXXXXXXXX
Decision Date: 06/29/21 Archive Date: 06/29/21

DOCKET NO. 190328-5636
DATE: June 29, 2021

ORDER

Entitlement to an increased (compensable) evaluation of tension headaches is dismissed. 

Entitlement to service connection for irritable bowel syndrome (IBS) is dismissed.

Entitlement to service connection for a right knee disorder is dismissed. 

FINDINGS OF FACT

1. At her February 2021 hearing the Veteran withdrew her claim of entitlement to an increased (compensable) evaluation of tension headaches. 

2. At her February 2021 hearing the Veteran withdrew her claim of entitlement to service connection for irritable bowel syndrome (IBS). 

3. At her February 2021 hearing the Veteran withdrew her claim of entitlement to service connection for a right knee disorder. 

CONCLUSIONS OF LAW

1. The criteria for withdrawal of her claim of entitlement to an increased (compensable) evaluation of tension headaches have been met. 38 U.S.C. § 7105; 38 C.F.R. § 20.205.

2. The criteria for withdrawal of her claim of entitlement to service connection for irritable bowel syndrome (IBS) have been met. 38 U.S.C. § 7105; 38 C.F.R. § 20.205.

3. The criteria for withdrawal of her claim of entitlement to service connection for a right knee disorder have been met. 38 U.S.C. § 7105; 38 C.F.R. § 20.205.

REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

The Veteran had active service from February 2003 to May 2004 with 4 months 5 days prior active service.

This matter comes before the Board of Veterans' Appeals (Board) on appeal from a March 2019 rating decision of a Department of Veterans Affairs (VA), Regional Office (RO), which in part denied a compensable rating for a headache disorder and denied service connection for IBS and for a right knee disability, claimed as secondary to a service-connected left knee disorder. 

The Appeals Modernization Act (AMA) creates a new framework for Veterans dissatisfied with VA's decision on their claim to seek review. The AMA applies to claims such as this one for which VA issued notice of an initial decision or on after February 19, 2019. 38 C.F.R. §§ 3.2400 (a)(1); 19.2(a).

In March 2019, the Veteran timely filed a Decision Review Request: Board Appeal (Notice of Disagreement) (VA Form 10182) and elected the hearing docket, allowing consideration of evidence submitted at the hearing and within 90 days following the hearing. 38 C.F.R. § 20.302 (a).

In February 2021, the Veteran testified at a video conference hearing over which the undersigned presided. A transcript of that hearing is of record.

The Board notes that there is a separate appeal of issues of entitlement to an increased rating for post-traumatic stress disorder in excess of 50 percent disabling and service connection for a skin disorder, a left ear hearing loss, a cervical spine disorder, a lumbar spine disorder, a left ulnar neuropathy (claimed as tingling of the fingers), a right upper extremity peripheral nerve disorder (claimed as tingling of the fingers), a peripheral nerve disorder of the left lower extremity (claimed as tingling bilateral feet), and a peripheral nerve disorder of the right lower extremity (claimed as tingling bilateral feet). These matters are being adjudicated under a different appeal stream with a different docket number assigned and will be addressed in a separate decision. 

Withdrawals.

The Board may dismiss any appeal which fails to allege specific error of fact or law in the determination being appealed. 38 U.S.C. § 7105. An appeal may be withdrawn as to any or all issues involved in the appeal at any time before the Board promulgates a decision. 38 C.F.R. § 19.55. Withdrawal may be made by the appellant or by his authorized representative. 38 C.F.R. § 19.55. A withdrawal must be explicit, unambiguous, and done with a full understanding of the consequences of such action by the appellant and the subsequent Board dismissal must include findings as to all three elements. See Acree v. O'Rourke, 891 F.3d 1009 (Fed. Cir. 2018).

In the present case, at the February 2021 Board hearing, prior to testifying about other issues that are being separately adjudicated under a different docket number, the Veteran, her representative, and the undersigned discussed the issues of entitlement to an increased compensable rating for a headache disorder, entitlement to service connection for IBS, and entitlement to service connection for a right knee disability, and the Veteran affirmed that she was requesting a withdrawal as to the issues. During the hearing, the undersigned clearly discussed the issues to be withdrawn, and the Veteran affirmed that she did not wish to proceed with the appeal on those issues. Based on the pre-hearing discussion and the hearing testimony, the Board finds the Veteran explicitly, unambiguously, and with a full understanding of the consequences of such action, withdrew the claims. Hence, there remain no allegations of errors of fact or law for appellate consideration. Accordingly, the Board does not have jurisdiction to review the withdrawn appeals, and they are dismissed.

 

 

Eric S. Leboff

Veterans Law Judge

Board of Veterans' Appeals

Attorney for the Board C. Eckart

The Board's decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.