Citation Nr: AXXXXXXXX
Decision Date: 07/30/21 Archive Date: 07/30/21

DOCKET NO. 200107-54084
DATE: July 30, 2021

ORDER

Entitlement to service connection for cardiovascular-renal disease is dismissed.

REMANDED

Entitlement to service connection for a gastrointestinal disability, to include diverticulitis, is remanded.

FINDING OF FACT

In January 2020, prior to the promulgation of a decision in the appeal, the Board received notification from the Veteran that a withdrawal of this appeal of entitlement to service connection for cardiovascular-renal disease is requested.

CONCLUSION OF LAW

The criteria for dismissal of entitlement to service connection for cardiovascular-renal disease have been met. 38 U.S.C. § 7105; 38 C.F.R. § 20.205. 

REASONS AND BASES FOR FINDING AND CONCLUSION

The Veteran served on active duty from August 1978 to July 1979, August 1982 to September 1992, and May 2003 to September 2003, to include service in the Persian Gulf theater of operations during the Persian Gulf War. 

These matters come before the Board of Veterans' Appeals (Board) on appeal from a December 2019 rating decision of a Regional Office (RO) of the Department of Veterans Affairs (VA).

In the January 2020 VA Form 10182, Decision Review Request: Board Appeal, the Veteran elected the Direct Review docket.

Therefore, the Board may only consider the evidence of record at the time of the agency of original jurisdiction (AOJ) decision on appeal. 38 C.F.R. § 20.301.

Dismissed Claims

The Board may dismiss any appeal which fails to allege specific error of fact or law in the determination being appealed. 38 U.S.C. § 7105. An appeal may be withdrawn as to any or all issues involved in the appeal at any time before the Board promulgates a decision. 38 C.F.R. §20. 205. Withdrawal may be made by the appellant or by his or her authorized representative. Id. 

In January 2020, the Veteran submitted a VA Form 10182 indicating appeal of "any cardiovascular disorder (this includes hypertension)." Subsequently, in January 2020, in a telephone conversation with a VA representative, the Veteran withdrew the appeal of entitlement to service connection for cardiovascular-renal disease, stating that he only wished to appeal the claim of entitlement to service connection for hypertension. In a February 2020 rating decision, the RO granted entitlement to service connection for hypertension. This represents a full grant of the benefits sought on appeal for entitlement to service connection for hypertension. The Board acknowledges that the Veteran's withdrawal of his appeal for entitlement to service connection for cardiovascular-renal disease was not provided in writing. However, the Court of Appeals for Veterans Claims (Court) has indicated that an oral withdrawal is valid if it is (1) explicit, (2) unambiguous, and (3) done with a full understanding of the consequences of such action by the appellant. Acree v. O'Rourke, 891 F.3d 1009, 1012 (Fed. Cir. 2018); DeLisio v. Shinseki, 25 Vet. App. 45, 5758 (2011). Although these criteria typically apply to oral withdrawals offered during a hearing, the Board finds that they have otherwise been satisfied in this case. During the January 2020 phone call with VA, the Veteran's desire to withdraw the pending appeal of entitlement to service connection for cardio-renal disease was both explicit and unambiguous. There is no evidence that the Veteran's request was offered without a full understanding as to the consequences of such action and he offered a full rationale for his decision, which was subsequently memorialized in a January 2020 letter to the Veteran by a VA representative.

There remain no allegations of errors of fact or law for appellate consideration of the matter. Accordingly, the Board does not have jurisdiction to review the appeal of entitlement to service connection for cardiovascular-renal disease and it is dismissed.

REASON FOR REMAND

Entitlement to service connection for a gastrointestinal disability, to include diverticulitis, is remanded.

The Veteran claims entitlement to service connection for "any functional gastrointestinal disorder" due to his Gulf War service. See October 2019 claim.

The RO made favorable findings that the Veteran served in the Persian Gulf theater of operations during the Persian Gulf War and that he has a current gastrointestinal disability, namely diverticulitis. 

The Veteran had a VA examination for gastrointestinal disability in November 2019. The VA examiner concluded that the Veteran had a diverticulitis diagnosis from 2014. See November 2019 VA examination report. As rationale, the examiner opined that diverticulitis is a condition with a clear and specific etiology, but the examiner did not discuss the pathophysiology of diverticulitis as to this individual Veteran or consider the Veteran's individual circumstances. Id. 

This VA examination opinion is incomplete considering the holding in Stewart v. Wilkie. In that case, the Court of Appeals for Veterans Claims (Court) held an illness is a medically unexplained chronic multi symptom illness (MUCMI) where either the etiology or pathophysiology of the illness is inconclusive as to the individual Veteran. See Stewart v. Wilkie, 30 Vet. App. 383, 390-92 (2018).

Accordingly, remand for a new VA medical examination and opinion to cure a pre-decisional duty to assist is warranted. 38 C.F.R. §§ 3.159 (c), 20.802(a). The RO must determine whether diverticulitis, in addition to any other gastrointestinal disability, can constitute MUCMIs as to this individual Veteran.

The matter is REMANDED for the following action:

1. Schedule the Veteran for an examination to determine the nature and etiology of any gastrointestinal disability, to include diverticulitis. The examiner must review the entire claims file, including a copy of this remand.

The examiner is asked to provide responses to the following:

A) Is the etiology of the Veteran's diverticulitis (1) inconclusive, (2) partially understood, or (3) fully understood?

This determination must be based on the Veteran's specific case and cannot be based on the etiology of the disease or disability population as a whole.

B) Is the pathophysiology of the Veteran's gastrointestinal disability, including diverticulitis (1) inconclusive, (2) partially understood, or (3) fully understood?

This determination must be based on the Veteran's specific case and cannot be based on the pathophysiology of the disease or disability population as a whole.

C) If both the etiology and pathophysiology are partially understood or fully understood, then is it at least as likely as not (a 50 percent or greater probability) that the Veteran's gastrointestinal disability, including diverticulitis, was incurred in, or is otherwise related to his active service?

A complete rationale must be provided for all opinions expressed.

In rendering these opinions, the examiner is advised that the Veteran is competent to report his gastrointestinal symptoms and history. Such reports must be acknowledged and considered in formulating any opinion. If the examiner rejects the Veteran's reports, he or she must provide an explanation for such rejection. The examiner is not to improperly discount the Veteran's lay statements or mistakenly rely on an absence of medical evidence in the record to support his or her conclusions. 

 

Jennifer White

Veterans Law Judge

Board of Veterans' Appeals

Attorney for the Board Susan Leary

The Board's decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.