Citation Nr: AXXXXXXXX
Decision Date: 09/29/21 Archive Date: 09/29/21

DOCKET NO. 190802-25557
DATE: September 29, 2021

ORDER

The claim of entitlement to service connection for allergic rhinitis (claimed as chronic hay fever) has been withdrawn.

FINDING OF FACT

On February 22, 2021, prior to the promulgation of a decision in this appeal, the Veteran withdrew his claim of entitlement to service connection for allergic rhinitis (chronic hay fever).

CONCLUSION OF LAW

The criteria are met for withdrawal of the appeal of this claim. 38 U.S.C. § 7105; 38 C.F.R. § 20.205.

 

REASONS AND BASES FOR FINDING AND CONCLUSION

The Veteran served on active duty from March 1969 to March 1971.

This appeal to the Board of Veterans' Appeals (Board) is from a July 2019 rating decision of a Department of Veterans Affairs (VA) Regional Office (RO).

On his August 2019 VA Form 10182, Decision Review Request: Board Appeal (Notice of Disagreement (NOD)), the Veteran elected the hearing docket. His hearing was scheduled for in February 2021, but he cancelled it, also withdrew this appeal, so the Board is summarily dismissing it.

Entitlement to service connection for allergic rhinitis (chronic hay fever)

The Board may dismiss any appeal that fails to allege specific error of fact or law in the determination being appealed. 38 U.S.C. § 7105. An appeal may be withdrawn as to any or all issues involved in the appeal at any time before the Board promulgates a decision. 38 C.F.R. § 20.205. Withdrawal may be by the appellant or by his or her authorized representative. Id. 

In this case at hand, the appellant, through his authorized representative, not only cancelled their February 2021 hearing before this Board but also withdrew this appeal. Hence, there remain no allegations of errors of fact or law for appellate consideration. 

An oral withdrawal of an appeal, such as in anticipation of a hearing, must be: (1) explicit, (2) unambiguous, and (3) done with a full understanding of the consequences of such action on the part of the claimant. DeLisio v. Shinseki, 25 Vet. App. 45, 57 (2011); see also Acree v. O'Rourke, 891 F.3d 1009, 1014 (Fed. Cir. 2018) (the Board must address all three prongs of the DeLisio standard when it applies). Here, during the prehearing conference, the Veteran's representative withdrew the appeal of this claim. The withdrawal was made a part of the record of the Board Hearing transcript. The Veteran was duly informed of the consequences of the withdrawal and verbally agreed that he consented. Accordingly, the Board does not have jurisdiction to review this appeal and it is summarily dismissed.

 

 

KEITH W. ALLEN

Veterans Law Judge

Board of Veterans' Appeals

Attorney for the Board J. Hamm, Associate Counsel

The Board's decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.