Citation Nr: AXXXXXXXX
Decision Date: 06/30/21 Archive Date: 06/30/21

DOCKET NO. 200415-82283
DATE: June 30, 2021

ORDER

Entitlement to an initial compensable rating for right inguinal hernia, status post repair, is denied.

Entitlement to an initial 10 percent rating, but no higher, for a surgical scar due to right inguinal hernia repair is granted.

Entitlement to an initial rating in excess of 70 percent for posttraumatic stress disorder (PTSD) is dismissed.

REMANDED

Entitlement to service connection for lumbosacral strain with degenerative disc disease is remanded.

Entitlement to service connection for right lower extremity radiculopathy as secondary to lumbosacral strain with degenerative disc disease is remanded.

Entitlement to service connection for left lower extremity radiculopathy as secondary to lumbosacral strain with degenerative disc disease is remanded.

Entitlement to service connection for right knee strain, also claimed as shin splints, is remanded. 

Entitlement to service connection for a right wrist disability, claimed as severe strain with tendonitis, is remanded.

Entitlement to service connection for carpal tunnel syndrome of the right upper extremity is remanded.

FINDINGS OF FACT

1. The Veteran's right inguinal hernia, status post repair, does not result in protrusion or require the use of a truss or belt for support.

2. The Veteran's surgical scar due to right inguinal hernia repair is painful. 

3. At the February 4, 2021 Board hearing, prior to the promulgation of a decision in the appeal, the Veteran withdrew his claim for entitlement to an initial rating in excess of 70 percent for PTSD.

CONCLUSIONS OF LAW

1. The criteria for an initial compensable rating for right inguinal hernia, status post repair, have not been met. 38 U.S.C. §§ 1155, 5107; 38 C.F.R. §§ 3.102, 4.1, 4.3, 4.7, 4.114, Diagnostic Code 7338. 

2. The criteria for an initial 10 percent rating, but no higher, for a surgical scar due to right inguinal hernia repair, have been met. 38 U.S.C. §§ 1155, 5107; 38 C.F.R. §§ 3.102, 4.1, 4.3, 4.7, 4.118, Diagnostic Code 7804. 

3. The criteria for withdrawal of the appeal for entitlement to an initial rating in excess of 70 percent for PTSD have been met. 38 U.S.C. § 7105; 38 C.F.R. § 20.205.

REASONS AND BASES FOR FINDING AND CONCLUSIONS

The Veteran served on active duty in the United States Army from November 2010 to November 2014. Among his many awards and decorations, the Veteran is in receipt of the Combat Action Badge. 

The rating decision on appeal was issued in July 2019 and constitutes an initial decision; therefore, the modernized review system, also known as the Appeals Modernization Act (AMA), applies. 38 C.F.R. § 3.2400(a)(1).

In the April 2020 VA Form 10182, Decision Review Request: Board Appeal (Notice of Disagreement) (NOD), the Veteran elected the Hearing docket. Therefore, the Board may only consider the evidence of record at the time of the agency of original jurisdiction (AOJ) decision on appeal, as well as any evidence submitted by the Veteran or his representative at the hearing or within 90 days following the hearing. 38 C.F.R. § 20.302(a).

In February 2021, the Veteran testified before the undersigned Veterans Law Judge at a virtual tele-hearing. A transcript of the hearing is of record. 

The Board notes that evidence pertinent to the Veteran's service connection claims was added to the claims file during a period of time when new evidence was not allowed. As the Board is remanding these claims for further development, this additional evidence will be considered by the AOJ in the adjudication of the claims.

Duties to Notify and Assist

With respect to the Veteran's claims herein, VA has met all statutory and regulatory notice and duty to assist provisions. See 38 U.S.C. §§ 5100, 5102, 5103, 5103A; 38 C.F.R. § 3.159. Neither the Veteran nor his representative have advanced any procedural arguments in relation to VA's duty to notify and assist; therefore, the Board will proceed with appellate review. See Scott v. McDonald, 789 F.3d 1375, 1381 (Fed. Cir. 2015). 

Increased Rating

Disability ratings are determined by application of the criteria set forth in VA's Schedule for Rating Disabilities, which is based on average impairment of earning capacity. 38 U.S.C. § 1155; see generally 38 C.F.R. § Part 4. When a question arises as to which of two ratings applies under a particular diagnostic code, the higher rating is assigned if the disability more closely approximates the criteria for the higher rating. Otherwise, the lower rating applies. 38 C.F.R. § 4.7. After careful consideration of the evidence, any reasonable doubt remaining is resolved in favor of the veteran. 38 C.F.R. § 4.3. 

The veteran's entire history is to be considered when making disability evaluation determinations. 38 C.F.R. § 4.1; Schafrath v. Derwinski, 1 Vet. App. 589 (1991). Where, as here, the question for consideration is the propriety of the initial rating assigned, evaluation of the medical evidence since the effective date of the grant of service connection and consideration of the appropriateness of the assignment of different ratings for distinct periods of time, based on the facts found, is required. See Fenderson v. West, 12 Vet. App. 119, 126 (1999); Hart v. Mansfield, 21 Vet. App. 505, 509-10 (2007). 

When all the evidence is assembled, VA is responsible for determining whether the evidence supports the claim or is in relative equipoise, with the Veteran prevailing in either event, or whether a preponderance of the evidence is against the claim, in which case the claim is denied. 38 U.S.C. § 5107(b); 38 C.F.R. § 3.102; Gilbert v. Derwinski, 1 Vet. App. 49 (1990). When there is an approximate balance of positive and negative evidence regarding any issue material to the determination, the benefit of the doubt is afforded to the claimant. Gilbert, 1 Vet. App. at 53.

1. Entitlement to an initial compensable rating for right inguinal hernia, status post repair 

The Veteran seeks entitlement to an initial compensable rating for his service-connected right inguinal hernia, status post repair, which is currently assigned a noncompensable (zero percent) rating effective December 12, 2018. The Veteran has not put forth any specific contentions as to why he believes his right inguinal hernia disability is of sufficient severity to warrant an increased rating. 

The Veteran's right inguinal hernia, status post repair, is rated under Diagnostic Code 7338 for inguinal hernia. 38 C.F.R. § 4.114. Under Diagnostic Code 7338, a noncompensable rating is provided for a small, reducible, or without true hernia protrusion, or a hernia that has not been operated but remediable. A 10 percent rating is provided for post-operative recurrent inguinal hernia that is readily reducible and is well-supported by a truss or belt. A 30 percent rating is provided for a post-operative recurrent or unoperated irremediable small inguinal hernia that is not well-supported by a truss or is not readily reducible. A maximum 60 percent rating is provided for a large inguinal hernia that is postoperative, recurrent, is not well-supported under ordinary conditions, and is not readily reducible, when considered inoperable.

In March 2019, the Veteran submitted a VA hernias disability benefits questionnaire (DBQ), which was completed by his private physician. Upon examination, the doctor noted that no right-side hernia is detected. The right side was readily reducibly. However, there was no indication for support, such as by truss or belt. The Veteran was noted to have sharp and severe pain around the area of his surgical scar. 

In April 2019, the Veteran underwent a VA examination to assess the current severity of his right inguinal hernia disability. Upon examination, the VA examiner noted that no right-side hernia was detected. There was no indication for support, such as a truss or belt. The examiner determined that the Veteran's right inguinal hernia, which was repaired in 2013, has resolved with no recurrence. 

VA treatment records from the period on appeal contain no complaints or treatment for right inguinal hernia or pain in the area, nor do they contain any assessments as to the severity of the Veteran's right inguinal hernia. 

In light of the foregoing evidence, the Board does not find that an initial 10 percent rating for right inguinal hernia, status post repair, is warranted. In making this finding, the Board acknowledges that the Veteran's private physician documented in the March 2019 DBQ that the right inguinal hernia was readily reducible. However, this finding is inconsistent with his earlier finding that no right-side hernia was detectable. Nonetheless, both examiners of record, in March 2019 and April 2019, concluded that the post-operative hernia does not require the support of a truss or belt. Absent the need for a supporting truss or belt, the Veteran's right inguinal hernia, status post repair, does not meet or more nearly approximate the criteria for a 10 percent rating under Diagnostic Code 7338. 

Accordingly, the Board finds that entitlement to an initial compensable rating for right inguinal hernia, status post repair, is not warranted. As the evidence of record preponderates against the claim, the benefit-of-the-doubt doctrine is not for application, and the Veteran's appeal must be denied. 38 U.S.C. § 5107(b); 38 C.F.R. §§ 3.102, 4.3; Gilbert, 1 Vet. App. at 53. 

2. Entitlement to an initial compensable rating for a surgical scar due to right inguinal hernia repair 

The Veteran seeks entitlement to an initial compensable rating for his service-connected surgical scar due to right inguinal hernia repair, which is currently assigned a noncompensable (zero percent) rating effective December 12, 2018. Based on the following evidence of record, the Board finds that an initial 10 percent rating, but no higher, for the Veteran's surgical scar is warranted.

The Veteran's surgical scar is currently rated under Diagnostic Code 7802, which applies to burn scars or scars due to other causes, not of the head, face, or neck, that are not associated with underlying soft tissue damage. Under this diagnostic code, a maximum rating of 10 percent is warranted for scars with an area or areas of 144 sq. inches (929 sq. cm.) or greater. 38 C.F.R. § 4.118.

The Board notes that the Veteran's disability may also be evaluated under Diagnostic Code 7804, which applies to scars that are unstable or painful. Under this diagnostic code, a 10 percent rating is assigned for one or two scars that are unstable or painful. A 20 percent rating is assigned for three or four scars that are unstable or painful. A maximum 30 percent rating is assigned for five or more scars that are unstable or painful. Note (3) to this diagnostic code provides that scars evaluated under DCs 7800, 7801, 7802, or 7805 may also receive an evaluation under this code, when applicable. 38 C.F.R. § 4.118.

In March 2019, the Veteran submitted a VA hernias DBQ, which was completed by his private physician. Upon examination, the doctor noted that the Veteran has one surgical scar related to the Veteran's right inguinal hernia repair. The scar measures 2 centimeters in length and 4 centimeters in width. The doctor noted that the Veteran "has severe pain on the scar area." 

In April 2019, the Veteran underwent a VA examination to assess the current severity of his right inguinal hernia disability. The VA examiner noted that the Veteran has a scar in the right inguinal region that measures 7.5 centimeters in length and 0.1 centimeters in width. The examiner marked on the examination report that the scar was not painful or unstable. 

At the February 2021 Board hearing, the Veteran testified that his right inguinal hernia surgical scar is painful and tender. He described feeling a pinching and stretching sensation in the area of the scar when he turns side to side, lifts something, or stands up from sitting. The Board notes that the Veteran is competent to report experiencing symptoms of pain in his surgical scar, and the Board has no reason to doubt the credibility of his assertion. See Layno v. Brown, 6 Vet. App. 465 (1994).

Based on the findings documented in the March 2019 DBQ and the Veteran's credible assertion that his surgical scar is painful, the Board resolves all reasonable doubt in the Veteran's favor and finds that the weight of the evidence demonstrates that the Veteran's surgical scar due to right inguinal hernia repair has manifested by pain throughout the entire appeal period. Therefore, the criteria for an initial 10 percent rating under Diagnostic Code 7804 for a painful scar have been met. As the evidence of record establishes that the Veteran has only one scar that is painful, a higher rating under this diagnostic code is not warranted.

The Board has considered whether the Veteran may be eligible for a higher or separate rating under a different diagnostic code. See Schafrath v. Derwinski, 1 Vet. App. 589, 593 (1991). However, the Veteran's scar does not affect his head, face, or neck. See Diagnostic Code 7800. Nor does his scar affect an area sufficient to warrant a higher rating based on area affected. See Diagnostic Codes 7801, 7802, 7806. Finally, there is no evidence that the Veteran's scar results in any other disabling symptoms not contemplated by the assigned rating for a painful scar. See Diagnostic Code 7805. As such, a higher or separate rating for the Veteran's surgical scar under any other diagnostic code is not warranted. 

Accordingly, an initial 10 percent rating, but no higher, for the Veteran's painful surgical scar due to right inguinal hernia repair is granted. In making this finding, the Board has resolved all reasonable doubt in the Veteran's favor. 38 U.S.C. § 5107(b); 38 C.F.R. §§ 3.102, 4.3; Gilbert, 1 Vet. App. at 53. 

Withdrawal of the Increased Rating Claim for PTSD

The Board may dismiss any appeal which fails to allege specific error of fact or law in the determination being appealed. 38 U.S.C. § 7105. An appeal may be withdrawn as to any or all issues involved in the appeal at any time before the Board promulgates a decision. 38 C.F.R. § 20.204. Withdrawal may be made by the appellant or by his or her authorized representative. Id. Finally, withdrawal must be: 1) explicit; 2) unambiguous; and 3) done with a full understanding of the consequences of such action by the appellant. Acree v. O'Rourke, 891 F.3d 1009 (Fed. Cir. 2018); DeLisio v. Shinseki, 25 Vet. App. 45, 57-58 (2011).

At the February 4, 2021 Board hearing, prior to the promulgation of a decision in the appeal, the Veteran requested to withdraw from appellate consideration his claim for entitlement to an initial rating in excess of 70 percent for PTSD. The withdrawal was explicit and unambiguous, and the undersigned explained to the Veteran the consequences of withdrawing his claim. The Veteran, with his attorney, confirmed that he understood the implications of his decision. Therefore, as to this issue, there remains no allegation of error of fact or law for appellate consideration by the Board. Accordingly, the Board does not have jurisdiction to review this claim and it is dismissed.

REASONS FOR REMAND

Unfortunately, the Board finds that additional development of the remaining claims must be undertaken to correct duty to assist errors that occurred prior to the July 2019 rating decision. The Board notes that under the modernized review system, remand is required to correct pre-decisional duty to assist errors. 38 C.F.R. § 20.802(a).

1. Entitlement to service connection for lumbosacral strain with degenerative disc disease is remanded.

2. Entitlement to service connection for right lower extremity radiculopathy secondary to lumbosacral strain with degenerative disc disease is remanded.

3. Entitlement to service connection for left lower extremity radiculopathy secondary to lumbosacral strain with degenerative disc disease is remanded.

4. Entitlement to service connection for right knee strain, also claimed as shin splints, is remanded. 

5. Entitlement to service connection for a right wrist disability, claimed as severe strain with tendonitis, is remanded.

6. Entitlement to service connection for carpal tunnel syndrome of the right upper extremity is remanded.

The Veteran seeks service connection for a lumbar spine disability and associated lower extremity radiculopathy, a right knee disability, a right wrist disability, and carpal tunnel syndrome of the right upper extremity, which he contends were incurred in or caused by military service. The Veteran has reported to his treating VA physicians that he injured his low back in Afghanistan when he fell off a roof while installing an antenna. He has also attributed his low back and right knee problems to several hard landings while parachuting, as well as heaving lifting and rucking with communications equipment, due to his military duties as a signal support systems specialist. 

First, the Board notes that VA treatment records document that, prior to the July 2019 rating decision on appeal, the Veteran reported to his VA physicians on several occasions that he has received treatment for his claimed conditions from a private physician and, possibly, a private hospital's emergency room. However, the AOJ did not attempt to obtain these outstanding private treatment records prior to denying the Veteran's service connection claims in the July 2019 rating decision. This constitutes a pre-decisional duty to assist error that must be corrected prior to adjudication of the Veteran's claims. See 38 U.S.C. § 5103A; 38 C.F.R. § 3.159(c). Accordingly, remand is required to allow VA to obtain these outstanding records. 38 C.F.R. § 20.802(a). 

Next, the Veteran underwent VA examinations for his claimed conditions in April 2019. Upon examination, a VA examiner determined, in three separate medical opinions, that there is insufficient evidence to support any current diagnoses of back, knee, or wrist conditions attributable to military service. The examiner based his conclusions on a finding of a lack of continuity of symptoms, as evidenced by the Veteran denying back, knee, or wrist pain on his July 2014 separation examination. The examiner also found that the Veteran does not have current diagnoses of lower extremity radiculopathy or right upper extremity carpal tunnel syndrome and, accordingly, did not provide nexus opinions as to those issues. 

The Board finds the above opinions to be inadequate because the examiner did not address pertinent evidence in the claims file, to include the Veteran's competent lay statements of record as to how he injured his back, knee, and wrist during service. With regard to the lumbar spine disability, the examiner did not address a March 2015 VA treatment record showing that the Veteran sought treatment for low back pain and muscle spasm within one year of separation from active duty. Moreover, in finding that the Veteran does not have a current diagnosis of radiculopathy or carpal tunnel syndrome, the examiner ignored the March 2019 back and wrist conditions DBQs completed by the Veteran's private physician, which diagnosed the Veteran with both conditions, as well as VA treatment records showing complaints and treatment for pain, numbness, and tingling in the lower extremities. 

In light of the above, the Board finds that, while the AOJ took steps to obtain VA examinations and medical opinions on the Veteran's behalf, it did not ensure that the opinions were adequate for the purposes of the determinations being made. See Barr v. Nicholson, 21 Vet. App. 303, 311 (2007). This constitutes a pre-decisional duty to assist error, and remand is required so that adequate medical opinions can be obtained prior to adjudication of the Veteran's claims. 38 C.F.R. § 20.802(a).

Accordingly, the matters are REMANDED for the following actions:

1. Contact the Veteran and request that he provide information as to any outstanding private treatment records relevant to the issues on appeal, to include any prior or current treatment by private physicians for his claimed musculoskeletal disabilities. After obtaining the necessary authorization from the Veteran, the AOJ must make reasonable efforts to obtain any identified records.

2. Then, obtain addendum VA medical opinions from VA examiners of appropriate expertise assessing the nature and etiology of the Veteran's claimed disabilities. In-person examinations need not be scheduled unless deemed necessary by the examiner(s) or otherwise required by the evidence. The respective examiner must review the claims file in its entirety, to include a copy of this REMAND, and the review should be noted in the examination report.

Thereafter, the respective examiner is asked to provide a fully-articulated medical opinion addressing the following:

Lumbar Spine & Lower Extremity Radiculopathy

(a) Is it at least as likely as not (50 percent probability or greater) that the Veteran's lumbar spine disability was incurred during service, within one year of separation, or otherwise caused by an in-service injury, illness, or event?

In providing the above opinion, the examiner must adequately consider and address: (i) the Veteran's lay statements that his lumbar spine disability was caused or aggravated by incidents during service, to include falling off a roof while installing an antenna, frequent and sometimes hard parachuting landings, and carrying heavy equipment; and (ii) the March 2015 VA treatment record showing treatment for low back pain within one year of discharge from active duty. 

(b) Is it at least as likely as not (50 percent probability or greater) that the Veteran's lower extremity radiculopathy, diagnosed during the appeal period, was caused by the Veteran's lumbar spine disability? 

(c) Is it at least as likely as not (50 percent probability or greater) that the Veteran's lower extremity radiculopathy, diagnosed during the appeal period, was aggravated (increased in severity beyond its natural progression) by the Veteran's service-connected lumbar spine disability? 

Right Knee

(a) Is it at least as likely as not (50 percent probability or greater) that the Veteran's right knee disability was incurred during service, within one year of separation, or otherwise caused by an in-service injury, illness, or event?

In providing the above opinion, the examiner must adequately consider and address the Veteran's lay statements that his right knee disability was caused or aggravated by incidents during service, to include falling off a roof while installing an antenna, frequent and sometimes hard parachuting landings, and carrying heavy equipment. 

Right Wrist 

(a) Is it at least as likely as not (50 percent probability or greater) that the Veteran's right wrist disability, to include carpal tunnel syndrome, diagnosed during the appeal period, was incurred during service, within one year of separation, or otherwise caused by an in-service injury, illness, or event? 

In providing the above opinion, the examiner must adequately consider and address the Veteran's lay statements that his right wrist disability was caused or aggravated by falling off a roof while installing an antenna, and that he incurred carpal tunnel syndrome due to repetitive typing on a computer due to his duties as a communications specialist and/or physical training (i.e. performing push-ups) during service. 

--------------------------------------------------------------------

The respective examiner is advised that the term "at least as likely as not" does not mean "within the realm of possibility." Rather, it means that the weight of the medical evidence both for and against the claim is so evenly divided that it is as medically sound to find in favor of the claim as it is to find against it.

The examiner is reminded that the lack of documented treatment in service, while probative, cannot serve as the sole basis for a negative finding. 

It should be noted that the Veteran is competent to report his medical history, including the onset and continuity of symptoms, and such reports must be acknowledged and considered in formulating any opinion. The Veteran's lay contentions must be considered and weighed in making the determination as to whether a nexus exists between the claimed disability and military service.

The examiner must provide a complete rationale for any opinion offered, citing to medical evidence, such as examination findings or other pertinent evidence in the record, when necessary, to support the conclusion reached. If an opinion cannot be reached without resorting to speculation, the examiner must fully explain why that is so.

 

 

LESLEY A. REIN

Veterans Law Judge

Board of Veterans' Appeals

Attorney for the Board Melissa Barbee, Associate Counsel

The Board's decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.